IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02481-BNB

CAULINE GERRITIA ARMSTRONG,

     Plaintiff,

v.

EL PASO COUNTY SHERIFFS [sic] OFFICE,
DEPARTMENT OF HUMAN SERVICES, and
DENVER WOMENS [sic] CORRECTIONAL FACILITY,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Cauline Gerritia Armstrong, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado.  Ms. Armstrong initiated this action by filing *pro se* a civil rights complaint for money damages and injunctive relief apparently pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).  She alleges that the El Paso County Police Department placed her daughter, Patritia, age three months, in danger when Plaintiff called to inform the police that her ex-boyfriend, who apparently has custody of the minor child, was holding her and her daughter hostage.  She also alleges that, since she has been incarcerated, she has made unsuccessful attempts to have Patritia removed from her ex-husband's custody.

     The Court must construe the complaint liberally because Ms. Armstrong is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Armstrong will be ordered to file an amended complaint, name only the proper parties to the action, and assert personal participation by the proper parties.

The Court has reviewed the complaint and finds that it is deficient. Defendants El Paso County Sheriff's Office and El Paso County Department of Human Services are not proper parties to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Armstrong cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Ms. Armstrong also may not sue the Denver Women's Correctional Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir.

2

1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see*

*Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional

enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see*

*Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to

all suits against the state and its agencies, regardless of the relief sought.  *See*

*Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In the amended complaint she will be directed to file, Ms. Armstrong must name

the proper defendants and assert personal participation by each named defendant.

*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish

personal participation, Ms. Armstrong  must show how the defendants caused a

deprivation of her federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violations and each

defendant's participation, control or direction, or failure to supervise.  *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable

on a theory of respondeat superior merely because of his or her supervisory position.

*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703

F.2d 479, 483 (10th Cir. 1983).

Ms. Armstrong may use fictitious names, such as "John or Jane Doe," if she

does not know the real names of the individuals who allegedly violated her rights.

However, if Ms. Armstrong uses fictitious names she must provide sufficient information

about each defendant so that he or she can be identified for purposes of service.

Ms. Armstrong, therefore, will be directed to file an amended complaint that

clarifies who she is suing and alleges specific facts that demonstrate how each named

3

defendant personally participated in the asserted constitutional violations.  In order for Ms. Armstrong to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiff, Cauline Gerritia Armstrong, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Armstrong, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Ms. Armstrong fails to file an amended complaint that complies with the directives of this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 15, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02481-BNB

Cauline Gerritia Armstrong
Prisoner No. 119245
La Vista Correctional Facility
1401 West 17th Street – Unit 2
Pueblo, CO 81003

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 12/15/09

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk