IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02481-BNB

CAULINE GERRITIA ARMSTRONG,

    Plaintiff,

v.

LT. HUGH BANKS,
DEPARTMENT OF HUMAN SERVICES,
RALPH NAKIA HOBSON,
RALPH NAKIA HOSONS [sic] AUNT LIBRA AND-OR OB,
RALPH NAKIA HOBSONS [sic] AUNT LIBRA AND-OR OB'S BOYFRIEND SAM,
CASE MANAGER JACKSON, and
EL PASO COUNTY SHERIFFS [sic] OFFICE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 09 2010

GREGORY C. LANGHAM
             CLERK

---

### ORDER OF DISMISSAL

---

Plaintiff, Cauline Gerritia Armstrong, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Armstrong initiated this action by filing *pro se* a civil rights complaint for money damages and injunctive relief apparently pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).

Ms. Armstrong was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

On December 15, 2009, Magistrate Judge Boyd N. Boland ordered Ms. Armstrong to file within thirty days an amended complaint that sued the proper parties and asserted the personal participation by each named Defendant. On January 7, 2009, Ms. Armstrong filed an amended complaint. The Court must construe the amended complaint liberally because Ms. Armstrong is representing herself. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Ms. Armstrong is cautioned that her ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if she has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

Ms. Armstrong alleges that on December 4, 2008, she called 911 and spoke with the El Paso County Sheriff's Office to report that her ex-boyfriend, Ralph Nakia Hobson, was using guns, knives, and physical force to hold her and her three-month-old daughter, Patritia Journne Hobson, hostage "with the help of his Aunt Libra and/or OB, whom the residence belonged to at the time, and her boyfriend Sam." Amended complaint at 3. She contends that the El Paso County "police enforcement," *id.*, placed

her daughter in danger after the El Paso County sheriff's deputies who arrived at the scene discovered an outstanding warrant for her arrest and would not allow her aunt, Patricia Jackson, who was present at the time, to have temporary custody of her daughter. She further alleges that, since she has been incarcerated, she has made unsuccessful attempts through the El Paso County Department of Human Services to have Patritia removed from her ex-boyfriend's custody.

Ms. Armstrong concedes that Mr. Hobson, his Aunt Libra and/or OB, and her boyfriend Sam are not acting under color of state law. *See* amended complaint at 2-2a. As previously stated, under § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes*, 398 U.S. at 150. Therefore, Mr. Hobson, his Aunt Libra and/or OB, and her boyfriend Sam will be dismissed as parties to this action.

In the December 15 order for an amended complaint, Magistrate Judge Boland informed Ms. Armstrong that Defendants El Paso County Sheriff's Office and El Paso County Department of Human Services were not proper parties to this action. Magistrate Judge Boland pointed out that municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). He also pointed out that, to establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). He warned Ms. Armstrong that she cannot

3

state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

In the amended complaint, Ms. Armstrong fails to allege any constitutional violation by either the El Paso County sheriff's office or human services department. The allegations that the sheriff's deputies did not allow Ms. Armstrong's aunt to have temporary custody of Patritia and, after Ms. Armstrong's arrest, informed her that "Social Services did a welfare check on Patritia and immediately closed the case because they said she looked great," amended complaint at 3a, do not state a violation of Ms. Armstrong's constitutional rights. Similarly, simply because she has been unsuccessful in her attempts to have the human services department remove her daughter from her ex-boyfriend's custody does not state a violation of her constitutional rights.

Making vague and conclusory allegations that her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. **See Ketchum v. Cruz**, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." **Hall**, 935 F.2d at 1110. The Court finds that Ms. Armstrong's allegations against the El Paso County sheriff's office and department of human services will not support an arguable claim for relief.

Finally, the Court will address Ms. Armstrong's claims against Hugh Banks and Case Manager Jackson. Ms. Armstrong's claim against Defendant Banks, an employee of the prison where she is incarcerated, is on November 4, 2009, he

threatened that, if she did not sign a document warning her not to discuss her concerns about her daughter with anyone else, she would receive a disciplinary charge under the Code of Penal Discipline. She alleges that she initially refused to sign the document. She also alleges that Defendant Banks accused her of being of liar, tried to get her to confess to lying and committing fraud, and refused to show her any evidence upon which he relied to call her a liar. Ms. Armstrong also contends that, when she told Defendant Jackson "of my claims about my daughter, she called me a lier [sic], and ignored my claims." Amended complaint at 6c.

Although Ms. Armstrong contends that Defendant Banks threatened her and both Defendants Banks and Jackson accused her of lying, verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Therefore, Ms. Armstrong's claims against Defendants Banks and Jackson are meritless. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915 as legally frivolous.

DATED at Denver, Colorado, this 9th day of February, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02481-BNB

Cauline Gerritia Armstrong
Prisoner No. 119245
La Vista Correctional Facility
1401 West 17th Street
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/9/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk